Dick A. Semerdjian, Esq. #123630
**SCHWARTZ SEMERDJIAN HAILE BALLARD & CAULEY LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619 236-8821
Facsimile No. 619 236-8827
das@sshbclaw.com

Ronald S. Connelly, Principal
POWERS PYLES SUTTER & VERVILLE PC
1501 M Street NW, Seventh Floor | Washington, DC 20005
Telephone No. 202.466.6550
Facsimile No. 202.785.1756
ron.connelly@ppsv.com

Attorneys for Plaintiff
PALOMAR MEDICAL CENTER

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 1252 JAH    BLM

| | |
|---|---|
| Palomar Medical Center<br>555 East Valley Parkway<br>Escondido, CA 92025<br><br>Plaintiff,<br><br>v.<br><br>U.S. Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, DC 20201<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>VIA FAX |

NOW COMES Plaintiff, Palomar Medical Center, by and through its undersigned counsel, and for its Complaint against the United States Department of Health and Human Services ("DHHS" or "Defendant"), states as follows:

### PRELIMINARY STATEMENT

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel DHHS to disclose records withheld wrongfully after a FOIA request. FOIA requires that federal agencies respond to public requests for documents, including files maintained electronically, in order to increase public understanding of the workings of government and access to government information.

2. Plaintiff filed a FOIA request with DHHS on October 8, 2009. The records sought concern DHHS's regulations governing the reopening of Medicare claims and its policy to deny jurisdiction to Medicare Administrative Law Judges ("ALJs") to review whether claims have been reopened in compliance with regulations promulgated by DHHS's Centers for Medicare and Medicaid Services ("CMS"). Plaintiff requested expedited processing of its request because the records were required to meet a deadline in case number 3:09-cv-00605, *Palomar Medical Center v. Sebelius*, which is pending before this Court. On October 28, 2009, DHHS constructively denied Plaintiff's FOIA request by failing to respond to it within the time required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

3. Based on conversations between Palomar's counsel and DHHS staff, Palomar understands that DHHS has intentionally and unlawfully withheld these documents because they relate to pending litigation. DHHS's failure to respond is contrary to FOIA and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

7. Venue is properly vested in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district and has its principal place of business in this district.

## PARTIES

8. Plaintiff Palomar Medical Center is a division of Palomar Pomerado Health, a California health district organized under Division 23 of the California Health and Safety Code. Plaintiff is an acute-care hospital located in Escondido, California.

///

{D0313914.DOC / 3}            2
                          **COMPLAINT**

9. Defendant Department of Health and Human Services is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA. DHHS has promulgated FOIA regulations at 45 C.F.R. Part 5. DHHS administers the Medicare Program pursuant to Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et seq*. Defendant has delegated administration of the Medicare Program to CMS. CMS is also an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

## FACTS

10. President Barack Obama issued an Executive Memorandum on January 21, 2009 to the heads of all Executive Departments and Agencies stating the following policy of the United States government:

> The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve. In responding to requests under the FOIA, executive branch agencies (agencies) should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public.
>
> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

74 Fed. Reg. 4,683 (Jan. 21, 2009).

11. On March 24, 2009, Plaintiff filed in this Court a complaint against Kathleen Sebelius (the "Secretary"), in her official capacity as Secretary of DHHS. The complaint sought to hold unlawful the Secretary's policy to deny jurisdiction to ALJs to decide whether the Secretary's contractors have reopened Medicare claims in violation of federal regulations. The complaint also sought enforcement of the "good cause" standard for reopening claims as required by the Secretary's regulations at 42 C.F.R. §§ 405.980 and 405.986. Plaintiff's complaint was assigned case number 3:09-cv-00605.

///

1    12.    By order dated August 11, 2009, the Court set a briefing schedule in case number 3:09-cv-00605. Palomar's motion for summary judgment and supporting brief was due October 2, 2009. The Secretary's cross motion for summary judgment and opposition to Palomar's motion for summary judgment was due November 13, 2009. Palomar's brief in opposition to the Secretary's cross motion and reply to the Secretary's opposition was due December 11, 2009. The Secretary's reply brief was due January 8, 2010.

13.    By letter dated October 7, 2009, counsel for Palomar filed a FOIA request with CMS. The request stated, "Our firm represents Palomar Medical Center, 3:09-CV-00605, which currently is involved in litigation, *Palomar v. Sebelius* in the Southern District of California." The request stated that the records were needed for this litigation and sought expedited processing pursuant to CMS policy to expedite FOIA requests "where the requester needs the specific records in question to meet a deadline in litigation." 55 Fed. Reg. 51,342, 51,343 (Dec. 13, 1990).

14.    The October 7, 2009 request sought the agency's records related to the good cause standard for reopening claims and ALJ jurisdiction to enforce the reopening regulations. Specifically, Palomar requested:

> [A]ll documents related to the "good cause" standard for reopening a claim or decision under any of the following regulations: 42 C.F.R. § 405.750, 42 C.F.R. § 405.841, 42 C.F.R. § 405.980, 42 C.F.R. § 405.986, 20 C.F.R. § 404.988, or 20 C.F.R. § 404.989. We also request all documents related to the jurisdiction of CMS contractors, Administrative Law Judges, or the Medicare Appeals Council to determine whether any of the following has been reopened in compliance with applicable laws, regulations, or policies: a Medicare claim, an initial determination, a redetermination, a reconsideration, an Administrative Law Judge decision, or a Medicare Appeals Council decision. We also request all documents related to the jurisdiction of the Provider Reimbursement Review Board, the CMS Administrator, or CMS contractors to determine whether a Medicare cost report, PRRB decision, or a decision by the CMS Administrator has been reopened in compliance with applicable laws, regulations, or policies.
>
> The requested materials are directly relevant to, and are needed for, the pending litigation, which relates to CMS's interpretation of the regulations governing reopening and good cause. This request is limited to documents generated or received by CMS on or after January 1, 1999. We request that these materials be made available to us as they are collected, rather than awaiting aggregation of all materials responsive to this request.

(footnote omitted).

15. On October 8, 2009, Palomar's FOIA request was delivered by Federal Express to CMS.

16. On October 14, 2009, Marla Aaron in the CMS FOIA office telephoned Palomar's counsel to request narrowing of the FOIA request. Palomar's counsel verbally limited the definition of "documents" in the request to all instructions to contractors and all correspondence, memoranda, and emails.

17. On October 28, 2009, DHHS constructively denied Palomar's October 7, 2009 FOIA request by failing to respond to it within the time required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

18. On June 7, 2010, an employee of Palomar's counsel contacted Ms. Aaron to inquire about the status of its FOIA request. Ms. Aaron informed the employee of Palomar's counsel that the October 7, 2009 request had been forwarded to DHHS's Office of External Affairs and Beneficiary Services. Ms. Aaron stated that the case history on the computer record indicated that a "hold" had been placed on the request by Kristy Nishimoto, Special Assistant to the Director in the Office of External Affairs and Beneficiary Services. Ms. Aaron stated that the case history indicated that Ms. Nishimoto placed the hold on the FOIA request at the direction of Kristen Roddy in the DHHS Office of General Counsel, who had advised Ms. Nishimoto that the request should be placed on hold until the litigation referenced in the FOIA request (i.e., case number 3:09-cv-0065) had finished.

## CAUSES OF ACTION

### Count I: Violations of the Freedom of Information Act

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18.

20. DHHS's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder, 45 C.F.R. Part 5.

21. DHHS's policy and practice of not responding to FOIA requests related to pending litigation is in violation of the FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder, 45 C.F.R. Part 5.

Count II: Violations of the Administrative Procedure Act

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 18.

23. DHHS's failure to disclose documents responsive to Plaintiff's request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA. DHHS's failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

24. DHHS's policy and practice of not responding to FOIA requests related to pending litigation is in violation of the APA and is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that the Court grant relief as follows:

1. An order declaring that DHHS has wrongfully withheld the requested agency records;

2. An order declaring that DHHS's policy and practice of not responding to FOIA requests related to pending litigation is contrary to law;

3. An order directing DHHS to disclose to Plaintiff all wrongfully withheld documents within 20 days;

4. Maintain jurisdiction over this action until DHHS is in compliance with the FOIA, the APA, and every order of this Court;

5. Award Plaintiff its attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Dated: June 11, 2010

Dick A. Semerdjian, Esq.
SCHWARTZ SEMERDJIAN HAILE
BALLARD & CAULEY

Ronald S. Connelly
Mary Susan Philp
POWERS PYLES SUTTER & VERVILLE, PC

ATTORNEYS FOR PALOMAR MEDICAL CENTER

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014514
Cashier ID: bhartman
Transaction Date: 06/11/2010
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
----------------------------------
CIVIL FILING FEE
 For: PALOMAR MED CTR V US DHHS
 Case/Party: D-CAS-3-10-CV-001252-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 90242
 Amt Tendered: $350.00
----------------------------------
 Total Due:     $350.00
 Total Tendered: $350.00
 Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```

♦JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Palomar Medical Center 555 East Valley Parkway Escondido, CA 92025

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Schwartz Semerdjian Haile Ballard & Cauley LLP
101 W. Broadway, Suite 810, SD CA 92101 (619) 236.8821

## DEFENDANTS
U.S. Department of Health and Human Services 200 Independence Avenue, S.W Washington, DC 20201

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 1252 JAH    BLM

FILED
2010 JUN 11 AM 11:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.A. section 552, et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER 3:09-CV-00605

DATE: June 11, 2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 14514   AMOUNT $350   6/11/10 BM   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____